1
2
3
4
5
6
7
8                 UNITED STATES DISTRICT COURT
9        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
10

| | |
|---|---|
| 11 LAURIE AHONEN, individually and on behalf of all others similarly situated, | Case No. 14-cv-0328 DSF (MRWx) |
| 12 | <u>CLASS ACTION</u> |
| Plaintiff, | **PROTECTIVE ORDER** |
| 13 v. | Location: Courtroom H – 9th Floor |
| 14 TOYOTA MOTOR CREDIT CORPORATION, | The Hon. Michael R. Wilner, Magistrate Judge |
| 15 | |
| 16 Defendant. | |

17
18
19
20
21
22
23
24
25
26
27
28

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in this action are, for competitive and/or privacy reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(7), or private information, including private financial information, protected by state and federal law. The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

## <u>DEFINITIONS</u>

1.      The term "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.

2.      The term "materials" will include, but is not be limited to: documents; account statements; account activity logs; call logs; correspondence; memoranda; bulletins; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes;  letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; compilations from which information can be

SMRH:424011518.1

1   obtained and translated into reasonably usable form through detection devices;

2   notes; reports; instructions; disclosures; and other writings.

3         3.      The term "counsel" will mean outside counsel of record, and

4   other attorneys, paralegals, secretaries, and other support staff employed in the law

5   firms identified below:

6                    a.      Attorneys for Defendant Toyota Motor Credit Corporation

7                          Shannon Z. Petersen
                           Sheppard, Mullin, Richter & Hampton LLP
8                          501 West Broadway, 19th Floor
                           San Diego, California 92101-3598
9                          Tel 619-338-6500; Fax 619-234-3815
                           Email: spetersen@sheppardmullin.com
10
                           Mercedes A. Cook
11                         Sheppard, Mullin, Richter & Hampton LLP
                           333 S. Hope Street, 43rd Floor
12                         Los Angeles, California 90071-1422
                           Tel 213-617-4190; Fax 213-443-2891
13                         Email: mcook@sheppardmullin.com

14
                     b.      In-House Counsel for Toyota Motor Credit Corporation
15
                           Kevin Kump
16                         Stacie Bambauer
                           Toyota Financial Services
17                         19001 S. Western Ave EF 12
                           Torrance, California 90501
18                         Tel 310-468-7622; Fax 310-381-4766
                           Email: Kevin_Kump@toyota,com
19                         Stacie_Bambauer@toyota.com

20
                     c.      Attorneys for Laurie Ahonen
21
                           Todd M. Friedman
22                         Nicholas J. Bontrager
                           Law Offices of Todd M. Friedman, P.C.
23                         324 S. Beverly Dr., Suite 725
                           Beverly Hills, California 90212
24                         Tel 877-206-4741; Fax 866-633-0228
                           Email: tfriedman@attorneysforconsumers.com
25                         nbontrager@attorneysforconsumers.com

26

27

28

SMRH:424011518.1                                              [PROPOSED] PROTECTIVE ORDER

Abbas Kazerounian
Kazerouni Law Group, APC
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Tel 800-400-6808; Fax 800-520-5523
Email: ak@kazlg.com

Joshua B. Swigart
Jessica R. K. Dorman
Hyde & Swigart
411 Camino Del Rio South, Suite 301
San Diego, California 92108
Tel 619-233-7770; Fax 619-297-1022
Email: josh@westcoastlitigation.com
Jessica@westcoastlitigation.com

## **GENERAL RULES**

4.     Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL-FOR COUNSEL ONLY."

a.     Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

b.     Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

SMRH:424011518.1

5.      In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection.  For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL - FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order.  Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking.

6.      Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

a.      the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; [A] party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL- FOR COUNSEL ONLY."

b.      the disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

c.      the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under

seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

7. All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8. Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, and by independent experts under the conditions set forth in this Paragraph. The right of any independent expert to receive any Confidential Information will be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an independent expert must provide the producing party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any Confidential Information of the producing party to the expert. Any objection by the producing party to an independent expert receiving Confidential Information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert. Confidential Information may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection has been made. The approval of independent experts must not be unreasonably withheld.

9. Information designated "CONFIDENTIAL" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

1          a.     Executives who are required to participate in policy

2 decisions with reference to this action;

3          b.     Technical personnel of the parties with whom Counsel for

4 the parties find it necessary to consult, in the discretion of such counsel, in

5 preparation for trial of this action; and

6          c.     Stenographic and clerical employees associated with the

7 individuals identified above.

8         10.     With respect to material designated "CONFIDENTIAL" or

9 "CONFIDENTIAL – FOR COUNSEL ONLY," any person indicated on the face of

10 the document to be its originator, author or a recipient of a copy of the document,

11 may be shown the same.

12         11.     All information which has been designated as

13 "CONFIDENTIAL" or "CONFIDENTIAL -FOR COUNSEL ONLY" by the

14 producing or disclosing party, and any and all reproductions of that information,

15 must be retained in the custody of the counsel for the receiving party identified in

16 paragraph 3, except that independent experts authorized to view such information

17 under the terms of this Order may retain custody of copies such as are necessary for

18 their participation in this litigation.

19         12.     Before any materials produced in discovery, answers to

20 interrogatories, responses to requests for admissions, deposition transcripts, or other

21 documents which are designated as Confidential Information are filed with the

22 Court for any purpose, the party seeking to file such material must seek permission

23 of the Court to file the material under seal.

24         13.     At any stage of these proceedings, any party may object to a

25 designation of the materials as Confidential Information.  The party objecting to

26 confidentiality must notify, in writing, counsel for the designating party of the

27 objected-to materials and the grounds for the objection.  If the dispute is not

28 resolved consensually between the parties within seven (7) days of receipt of such a

1   notice of objections, the objecting party may move the Court for a ruling on the

2   objection.  The materials at issue must be treated as Confidential Information, as

3   designated by the designating party, until the Court has ruled on the objection or the

4   matter has been otherwise resolved.

5        14.    All Confidential Information must be held in confidence by those

6   inspecting or receiving it, and must be used only for purposes of this action.

7   Counsel for each party, and each person receiving Confidential Information must

8   take reasonable precautions to prevent the unauthorized or inadvertent disclosure of

9   such information.  If Confidential Information is disclosed to any person other than

10  a person authorized by this Order, the party responsible for the unauthorized

11  disclosure must immediately bring all pertinent facts relating to the unauthorized

12  disclosure to the attention of the other parties and, without prejudice to any rights

13  and remedies of the other parties, make every effort to prevent further disclosure by

14  the party and by the person(s) receiving the unauthorized disclosure.

15       15.    No party will be responsible to another party for disclosure of

16  Confidential Information under this Order if the information in question is not

17  labeled or otherwise identified as such in accordance with this Order.

18       16.    If a party, through inadvertence, produces any Confidential

19  Information without labeling or marking or otherwise designating it as such in

20  accordance with this Order, the designating party may give written notice to the

21  receiving party that the document or thing produced is deemed Confidential

22  Information, and that the document or thing produced should be treated as such in

23  accordance with that designation under this Order.  The receiving party must treat

24  the materials as confidential, once the designating party so notifies the receiving

25  party.  If the receiving party has disclosed the materials before receiving the

26  designation, the receiving party must notify the designating party in writing of each

27  such disclosure.  Counsel for the parties will agree on a mutually acceptable manner

28  of labeling or marking the inadvertently produced materials as "CONFIDENTIAL"

1    or "CONFIDENTIAL - FOR COUNSEL ONLY" - SUBJECT TO PROTECTIVE

2    ORDER.

3            17.    Nothing within this order will prejudice the right of any party to

4    object to the production of any discovery material on the grounds that the material is

5    protected as privileged, confidential and protected as a matter of law or regulation,

6    or as attorney work product.

7            18.    Nothing in this Order will bar counsel from rendering advice to

8    their clients with respect to this litigation and, in the course thereof, relying upon

9    any information designated as Confidential Information, provided that the contents

10   of the information must not be disclosed.

11           19.    This Order will be without prejudice to the right of any party to

12   oppose production of any information for lack of relevance or any other ground

13   other than the mere presence of Confidential Information.  The existence of this

14   Order must not be used by either party as a basis for discovery that is otherwise

15   improper under the Federal Rules of Civil Procedure.

16           20.    Nothing within this order will be construed to prevent disclosure

17   of Confidential Information if such disclosure is required by law or by order of the

18   Court.

19           21.    Upon final termination of this action, including any and all

20   appeals, counsel for each party must, upon request of the producing party, return all

21   Confidential Information to the party that produced the information, including any

22   copies, excerpts, and summaries of that information, or must destroy same at the

23   option of the receiving party, and must purge all such information from all machine-

24   readable media on which it resides.  Notwithstanding the foregoing, counsel for each

25   party may retain all pleadings, briefs, memoranda, motions, and other documents

26   filed with the Court that refer to or incorporate Confidential Information, and will

27   continue to be bound by this Order with respect to all such retained information.

28   Further, attorney work product materials that contain Confidential Information need

1    not be destroyed, but, if they are not destroyed, the person in possession of the

2    attorney work product will continue to be bound by this Order with respect to all

3    such retained information.

4         22.    The restrictions and obligations set forth within this order will

5    not apply to any information that: (a) the parties agree should not be designated

6    Confidential Information; (b) the parties agree, or the Court rules, is already public

7    knowledge; (c) the parties agree, or the Court rules, has become public knowledge

8    other than as a result of disclosure by the receiving party, its employees, or its

9    agents in violation of this Order; or (d) has come or will come into the receiving

10   party's legitimate knowledge independently of the production by the designating

11   party.  Prior knowledge must be established by pre-production documentation.

12        23.    The restrictions and obligations within this order will not be

13   deemed to prohibit discussions of any Confidential Information with anyone if that

14   person already has or obtains legitimate possession of that information.

15        24.    Transmission by facsimile is acceptable for all notification

16   purposes within this order.

17        25.    This Order may be modified by agreement of the parties, subject

18   to approval by the Court.

19

20

21

22

23

24

25

26

27

28

SMRH:424011518.1

26.     The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.  The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

IT IS SO ORDERED this 10th day of June, 2014.

_____
UNITED STATES DISTRICT COURT
MAGISTRATE JUDGE MICHAEL R. WILNER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LAURIE AHONEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TOYOTA MOTOR CREDIT CORPORATION,<br><br>Defendant. | Case No. 14-cv-0328 DSF (MRWx)<br><br>CLASS ACTION<br><br>**PROTECTIVE ORDER**<br><br>Location: Courtroom H – 9th Floor<br><br>The Hon. Michael R. Wilner, Magistrate Judge |

I, _____, declare and say that:

1.    I am employed as _____ by _____.

2.    I have read the Protective Order entered in *Ahonen v. Toyota Motor Credit Corporation*, Case No. 14-cv-0328 DSF (MRWx), and have received a copy of the Protective Order.

3.    I promise that I will use any and all "Confidential" or "Confidential - For Counsel Only" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4.    I promise that I will not disclose or discuss such "Confidential" or "Confidential - For Counsel Only" information with anyone other than the persons described in paragraphs 3, 8 and 9 of the Protective Order.

5.    I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Central District of California with respect to enforcement of the Protective Order.

Case No. 14-cv-0328 DSF (NRWx)
[PROPOSED] PROTECTIVE ORDER

SMRH:424011518.1

6.      I understand that any disclosure or use of "Confidential" or "Confidential - For Counsel Only" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____          _____

SMRH:424011518.1